UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMINGTON FINANCE, INC., <br>                   Plaintiff, <br> v. <br> MATRIX FUNDING SERVICES, <br>                   Defendant. | CIVIL ACTION <br><br> No. 06-2517 |

**MEMORANDUM / ORDER**

Presently before the court is plaintiff Wilmington Finance, Inc.'s motion for summary judgment.  Discovery and briefing are completed, and the motion is now ripe for disposition.

**I.     Facts**

This dispute centers on a loan secured by a mortgage on property located at 88 16th Avenue, Paterson, New Jersey 07524.  Wilmington purchased this loan from defendant Matrix Funding Services on December 16, 2005, pursuant to a Correspondent Flow Agreement, under which Wilmington agreed to buy a series of loans from Matrix on uniform terms and conditions.

After purchasing the loan, Wilmington determined that some of the information Matrix submitted to it concerning the mortgagor's financial and employment status was false.  This, according to Wilmington, breached Matrix's agreement to provide accurate information.  *See* Pl.'s Mem. of Law in Support of its Motion for Summary Judgment, Ex.

1, ¶ 5.  It also triggered a repurchase provision, under which Wilmington could demand that Matrix repurchase any loan for which Matrix provided false information.  *See id.* ¶ 7.  Matrix refused, and Wilmington brought suit for breach of contract, fraud, and negligent misrepresentation.

Wilmington has moved for partial summary judgment on the breach-of-contract claim; it has further represented that it will voluntarily dismiss the fraud and negligent misrepresentation claims if judgment is entered.  Matrix admits that it breached the Correspondent Flow Agreement, both by providing false information and by failing to repurchase the property on demand.  Def.'s Mem. of Law in Support of its Opposition to Pl.'s Motion for Summary Judgment, at 5.  Thus, it admits liability for breach of contract.

Matrix disputes, however, the amount of liability.  Wilmington calculates the sum at $447,572.55.  This figure is comprised of $349,924.38, the outstanding balance on the loan; $41,725.64, interest (as provided by the contract); $2,338.78, an escrow balance; $125.00, the price for a broker's price opinion; $2,196.72, a prior loan servicer's corporate advances; $8,915.00, the corporate advance balance; $40,775.00, attorneys' fees; and $1,572.03, attorneys' engagement costs.  *See* Pl.'s Mem. of Law in Support of its Motion for Summary Judgment, Ex. 1, ¶ 18.

Matrix does not dispute the validity of any of these figures (all of which plaintiff's corporate officer attests are accurate); rather, it claims a set-off for Wilmington's failure to mitigate damages.  Specifically, it claims that Wilmington failed to mitigate its

damages by (1) not foreclosing on and selling the property in a timely fashion, and (2) not boarding the property up once it became vacant to prevent further damage.

On the foreclosure issue, the record is silent as to what Wilmington did between December 16, 2005, when it purchased the loan, and January 2007, when it began trying to foreclose on and sell the property. Given, however, that the owner paid down less than $80 of the principal balance, it is likely that she fell delinquent soon after the sale of the loan (and well before January 2007). According to Wilmington's appraiser, the property was not on the market as of January 2007. Def.'s Mem. of Law in Support of its Opposition to Pl.'s Motion for Summary Judgment, Ex. C (appraisal indicating that property had not been on the market in the previous twelve months). From January 2007 to May 2007, Wilmington attempted to execute a foreclosure sale to a potential buyer for $129,000. *See* Def.'s Mem. of Law in Support of its Opposition to Pl.'s Motion for Summary Judgment, Ex. A (letter from plaintiff's counsel representing that it was attempting to sell the property for $129,000). That sale fell through in May 2007 because the buyer backed out. *See* Pl.'s Supp. Reply Mem. of Law in Further Support of its Motion for Summary Judgment, Ex. 1 (affidavit from plaintiff's corporate officer attesting that buyer backed out of sale). Whether Wilmington has since completed foreclosure proceedings and put the property on the market is not clear.

On the damage-prevention issue, Matrix presents evidence that the property, which was appraised at $352,000 in December 2005, Def.'s Response Mem. in Further Support

of its Opposition to Pl.'s Motion for Summary Judgment, Ex. A, plummeted in value soon thereafter. According to a letter from the owner dated January 11, 2007, the tenants "tore [the property] up" and rendered it uninhabitable. Def.'s Response Mem. in Further Support of its Opposition to Pl.'s Motion for Summary Judgment, Ex. D. This letter suggested that the property was vacant. According to an appraisal (commissioned by Wilmington) dated January 29, 2007, the property was vacant, had been vandalized, and needed to be secured to prevent further loss. Def.'s Response Mem. in Further Support of its Opposition to Pl.'s Motion for Summary Judgment, Ex. C. In addition Wilmington's appraiser estimated the value of the property to be $155,000. *Id.* There is no evidence that Wilmington ever secured the property.

**II.   Analysis**

In Pennsylvania,[1] a plaintiff in a breach-of-contract action has a duty to take reasonable steps to mitigate its damages. *Delliponti v. DeAngelis*, 681 A.2d 1261, 1264 (Pa. 1996). Defendant bears the burden of proving plaintiff's alleged failure to mitigate. *Id.* To meet that burden, defendant must "show how further loss could have been avoided through the reasonable efforts of the injured party." *Pontiere v. James Dinert, Inc.*, 627 A.2d 1204, 1209 (Pa. Super. Ct. 1993).

"Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

[1] The parties seem to agree that Pennsylvania law applies to this dispute.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Essential to Matrix's case is showing that (1) Wilmington could have taken reasonable steps, and (2) that taking those steps would have prevented at least some of Wilmington's loss. The question is whether Matrix has presented sufficient evidence on those points to create triable issues of fact.

Matrix has presented evidence that, although the loan fell delinquent soon after Wilmington bought it in December 2005, Wilmington failed to take any serious steps to mitigate its loss for more than a year. Taking all reasonable inferences in Matrix's favor, the evidence suggests that Wilmington took no steps to locate a buyer until the owner presented one in January 2007. Even then, Wilmington, according to its own appraiser's report, did not place the property on the open market. Moreover, Wilmington appears to have failed to board up the property despite knowing that the property was vacant and that its own appraiser had uncovered evidence of vandalism. This evidence creates triable issues of fact on (a) whether Wilmington failed to take the reasonable steps of (1) foreclosing on and marketing the property more quickly, and (2) boarding up the property once it became vacant, and (b) whether either of those steps would have avoided at least part of the loss. Therefore, I will deny Wilmington's motion for partial summary judgment on the issue of damages. Because liability is not contested, I will grant the motion with respect to Matrix's liability for breach of contract.

**III.    Conclusion**

AND NOW, this 26th day of September, 2007, for the foregoing reasons, plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part. On the issue of liability, the motion is GRANTED. On the issue of damages, the motion is DENIED. Plaintiff's pre-trial memorandum is due two weeks from the date of this order. Defendant's pre-trial memorandum is due four weeks from the date of this order.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.